Therefore the judgment must be reversed and the cause remanded. It is so ordered.

The mere averment in the information that the alleged offense took place in a "dry area" does not comply with the requisites of the law in cases such as that under consideration. See Whitmire v. State. (Tex.Cr.App.) 94 S.W.(2d) 742, and authorities collated.

In the recent case of Kelly v. State, 98 S.W.(2d) 998 (not yet reported [in State report]), this court set out the requisites. for an information charging the sale of intoxicating liquor in a dry territory. See, also, Grady v. State (Tex.Cr.App.) 97 S. W.(2d) 474.

For the reason stated, the judgment is reversed and the prosecution ordered dismissed.

## SCOTT v. STATE.
### No. 18662.

Court of Criminal Appeals of Texas.

Dec. 16, 1936.

T. R. Mears, of Gatesville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is the unlawful sale of whisky in a dry area; penalty assessed at a fine of $300 and confinement in the county jail for thirty days.

The first count of the information upon which the prosecution is founded avers that appellant sold one-half pint of whisky in Coryell county, "the sale of such liquor in said county, *a dry area,* having been theretofore and was then prohibited in said county by the laws of the state."

## WATKINS v. STATE.
### No. 18663.

Court of Criminal Appeals of Texas.

Dec. 16, 1936.

M. E. Gates, of Huntsville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Theft of cattle is the offense; penalty assessed at confinement in the penitentiary for two years.

The record is before this court without statement of facts or bills of exception. Nothing is presented in the record which would justify reversal or require discussion further than as stated above.

The judgment is affirmed.